Argued December 21, 1976, affirmed January 17, reconsideration denied
February 23, petition for review denied May 17, 1977

STATE OF OREGON, *Respondent,*

*v.*

RONALD D. SATRE, *Appellant.*

(No. C-75-12-3967 Cr, CA 6257)

STATE OF OREGON, *Respondent,*

*v.*

KAREN K. SATRE, *Appellant.*

(No. C-75-12-3966 Cr, CA 6258)

(Cases consolidated)

560 P2d 286

R. W. Kitson and David C. Bond, Portland, argued the cause for appellants. On the brief was David C. Bond, Kitson & Bond, Portland.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendants, husband and wife, were jointly indicted for conspiracy to commit theft in the first degree. They were tried separately and convicted, but the cases have been consolidated for appeal.

The trials were severed over defendants' objection by the trial judge. Defendants make the following contentions; (1) the trial court erred in severing their cases for trial, (2) the trial court erred in amending the indictment, and (3) the trial court erred in denying defendant Ronald Satre's plea of former jeopardy.

The procedural circumstances provoking these issues are as follows: The case was sent to the trial judge for joint trial by jury. Prior to empaneling of the jury or any further proceeding the state requested an in camera hearing to determine the admissibilty of separate confessions given by each defendant. The state called witnesses at this in camera hearing.

The court ruled the separate confessions insofar as they implicate the other defendant would be inadmissible as hearsay, and if the defendants were jointly tried the confessions would not be admitted. Following this ruling the state moved for separate trials of the defendants. This motion was granted over defendants' objection.

A jury was empaneled and Karen Satre was tried. During the trial defendant, Karen Satre, moved for mistrial on the ground the court had amended the indictment by separating the two defendants for trial. The motion was denied.

Following Karen Satre's trial, codefendant, Ronald Satre, was tried to the court without jury. At the commencement of his trial he interposed a plea of double jeopardy on the ground the trial had commenced prior to severance of the cases for trial. The plea was denied.

In oral argument before this court, defendants for

the first time raised objection to the trial court separating their cases for trial on the ground there is no authority in the statute. The power of a court to sever jointly indicted defendants for trial is contained in ORS 136.060:

> "When two or more defendants are jointly indicted for a felony, any defendant requiring it shall be tried separately; but in other cases, defendants jointly indicted may be tried separately or jointly, in the discretion of the court."

The defendants argued the court may sever joint defendants for trial in a *felony* case only on motion of a jointly indicted defendant. The words "but in other cases," the argument proceeds, refer to other than felony indictments and since defendants were indicted for a felony it follows the severance cannot be made over their objection.

We quote from defendants' brief a statement of the law with which we agree:

> "* * * a defendant jointly indicted may, if he makes his motion before trial, require a separate trial, *and that in the absence of a motion by a defendant, the court has a discretion to order a joint or separate trial,* if such discretion is exercised before the commencement of the trial - but not after a joint trial has commenced." (Emphasis supplied.)

Defendants contend their cases may not be separated for trial after the joint trial has begun. This claim of error, as well as the contention that jeopardy had attached, depends on determining if the trial had commenced at the time the state commenced presentation of evidence respecting the confessions in the in camera hearing. The basis of defendants' contention is that an in camera hearing to test the admissibility of a confession is part of the trial and "* * * involves proof of guilt or innocence."

This argument elevates form over substance. The in camera hearing requested by the state was in substance a pretrial hearing, in camera, i.e., outside the

presence of the jury. The trial does not commence until the jury is empaneled and sworn. ORS 131.505(5)(b). The order severing the cases for trial was made during the pretrial hearing and before the trial had commenced.

Defendant, Karen K. Satre, moved for mistrial on the ground the court had amended the indictment by severing her husband's case for trial.

We quote from the transcript defendant's argument in support of the motion for mistrial.

"* * * The indictment was against both of the defendants and alleged that they were involved in the conspiracy together with other people.

"Now, the indictment reads only that — or the trial is only the State v. Karen K. Satre in one conspiracy to commit theft in the first degree with persons named on the indictment * * * In his opening statement, the District Attorney said that she and her husband were involved in an agreement with these other people which makes him a co-conspirator not named on the indictment. So the Court has, in effect, changed the indictment entirely from what the original Grand Jury indictment was, and Mr. Ronald K. Satre (sic) is not named as a co-conspirator in the body of the indictment; only as a co-defendant."

The court instructed the jury as follows:

"The next element is that the defendant, Karen K. Satre, agreed with one or more persons named in the indictment, namely Ronald David Satre [codefendant], Janice M. Gordon, Kermit R. Fancher, Frank Paul Mueller, Jr., William Benjamin Carrington and Oscar Norman Peterson to engage in certain conduct. * * *"

■ This wording was taken from defendants' requested instructions.

The defendants' argument apparently is that Ronald Satre was a codefendant but not a coconspirator, thus characterizing him as a coconspirator changed the substance of the indictment. The argument is untenable.

The indictment alleged both defendants agreed with the named people to engage in the theft. They thus became codefendants and coconspirators. Characterizing them as either was not a change in the indictment.

The claim of double jeopardy of defendant, Ronald Satre, is dependent upon the court holding a trial had commenced prior to the cases being separated for trial. As discussed under the first claim of error the trial had not commenced; therefore, jeopardy had not attached. The plea of double jeopardy was properly denied.

Affirmed.